UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action No.:

-----------------------------------------------------------------  X   1:25-cv-07079

ECHOING MINDS ABA LLC, PERFECTING MINDS   :
ABA LLC, and DAWNING PROSPERITY ABA LLC,   :
                                                                                       :
           Plaintiffs,   :   **AMENDED**
                                                                    :   **COMPLAINT**
    -against-   :
                                                      :
TORY BURCH LLC,   :
                                   :
        Defendant.   X

-----------------------------------------------------------------

      Plaintiffs Echoing Minds ABA LLC, Perfecting Minds ABA LLC, and Dawning Prosperity ABA LLC, through their attorneys, Storch Law, P.C., complaining of Defendant, Tory Burch LLC, respectfully allege, as follows:

## <u>PARTIES</u>

      1.    At all times hereinafter mentioned, Plaintiff Echoing Minds ABA LLC is a duly registered corporation existing by virtue of the laws of the State of New York and authorized to do business in the State of New York.

      2.    The principal location of Plaintiff Echoing Minds ABA LLC's business in the State of New York is in the County of Kings.

      3.    At all times hereinafter mentioned, Plaintiff Perfecting Minds ABA LLC is a duly registered corporation existing by virtue of the laws of the State of New York and authorized to do business in the State of New York.

      4.    The principal location of Plaintiff Perfecting Minds ABA LLC's business in the State of New York is in the County of Kings.

      5.    At all times hereinafter mentioned, Plaintiff Dawning Prosperity ABA LLC is a duly registered corporation existing by virtue of the laws of the State of New York and authorized to do business in the State of New York.

6.      The principal location of Plaintiff Dawning Prosperity ABA LLC's business in the State of New York is in the County of Kings.

7.      At all times hereinafter mentioned, Defendant is a corporation duly formed and existing by virtue of the laws of the State of Delaware and authorized to do business within the State of New York.

## VENUE

8.      Venue in New York State Supreme Court, Kings County[1] is proper since the Plaintiff is based in Kings County and the events which arose leading to the commencement of this Action occurred in New York.

9.      The Federal Court obtained jurisdiction following Defendant's removal of this action pursuant to 28 U.S.C. § 1441. Therefore, without waiving any objections to jurisdiction by this Court, venue in the United States District Court of the Eastern District is pursuant to 28 U.S.C. § 1441.

## RELEVANT FACTS

10.     As part of its services to its employees, Defendant provides health insurance coverage to its employees.

11.     Defendant provides health insurance to a covered member ("Member") whose child received health care services from Plaintiff.

12.     Such coverage extends to immediate family members of the employees.

---

[1] While Defendant removed this case to this Court based upon federal question, Plaintiff disputes this assertion and reserves its rights as to remanding this matter back to State Court.

13.     As part of its services to its employees, Defendant agrees to pay for the provision of healthcare-related services to its members, including but not limited to Member.

14.     Defendant provided health insurance to Members, including but not limited to Member, through a third-party administrator.

15.     At all times herein, the third-party administrator was Meritain Health.

16.     Meritain Health is a third-party administrator that, among other things, manages self-funded health insurance plans.

17.     As part of the health insurance coverage it provides, Defendant agreed to pay for healthcare-related services that Member received from Plaintiffs.

18.     Plaintiffs provide specialized, non-emergency healthcare-related services.

19.     Defendant contracted with Meritain Health regarding insurance coverage.

20.     Since Meritain Health contracted with Defendant regarding insurance coverage, Meritain Health became the agent of Defendant to ensure insurance coverage for members, including Member.

21.     Defendant contracted with Meritain Health regarding insurance claims pricing.

22.     Since Meritain Health contracted with Defendant regarding insurance claims pricing, Meritain Health became the agent of Defendant to ensure insurance claims pricing for members, including Member.

23.     Defendant contracted with Multiplan regarding insurance coverage.

24.     Defendant contracted with DataiSight regarding insurance coverage.

25.     Defendant contracted with Precision Benefit Services regarding insurance coverage.

26.     As the agent of Defendant, any contract with any of the Plaintiffs by Meritain Health and, by extension, Multiplan, DataiSight, or Precision Benefit Services or any other company contracted with Meritain Health to fulfill its contractual duty to Defendant relating to insurance coverage was authorized by Defendant.

27.     Defendant contracted with Multiplan regarding insurance claims pricing.

28.     Defendant contracted with DataiSight regarding insurance claims pricing.

29.     Defendant contracted with Precision Benefit Services regarding insurance claims pricing.

30.     As the agent of Defendant, any contract with any of the Plaintiffs by Meritain Health and, by extension, Multiplan, DataiSight, or Precision Benefit Services or any other company contracted with Meritain Health to fulfill its contractual duty to Defendant relating to insurance claims pricing, was authorized by Defendant.

31.     Meritain Health, and its agents and assigns, was authorized to sign agreements relating to healthcare services rendered by Plaintiff Echoing Minds ABA LLC on behalf of Defendant.

32.     Meritain Health, and its agents and assigns, was authorized to sign agreements relating to healthcare services rendered by Plaintiff Perfecting Minds ABA LLC on behalf of Defendant.

33.     Meritain Health, and its agents and assigns, was authorized to sign agreements relating to healthcare services rendered by Plaintiff Dawning Prosperity ABA LLC on behalf of Defendant.

34.     Multiplan, and its agents and assigns, was authorized to sign agreements relating to healthcare services rendered by Plaintiff Echoing Minds ABA LLC on behalf of Defendant.

4

35. Multiplan, and its agents and assigns, was authorized to sign agreements relating to healthcare services rendered by Plaintiff Perfecting Minds ABA LLC on behalf of Defendant.

36. Multiplan, and its agents and assigns, was authorized to sign agreements relating to healthcare services rendered by Plaintiff Dawning Prosperity ABA LLC on behalf of Defendant.

37. DataiSight, and its agents and assigns, was authorized to sign agreements relating to healthcare services rendered by Plaintiff Echoing Minds ABA LLC on behalf of Defendant.

38. DataiSight, and its agents and assigns, was authorized to sign agreements relating to healthcare services rendered by Plaintiff Perfecting Minds ABA LLC on behalf of Defendant.

39. DataiSight, and its agents and assigns, was authorized to sign agreements relating to healthcare services rendered by Plaintiff Dawning Prosperity ABA LLC on behalf of Defendant.

40. Precision Benefit Services, and its agents and assigns, was authorized to sign agreements relating to healthcare services rendered by Plaintiff Echoing Minds ABA LLC on behalf of Defendant.

41. Precision Benefit Services, and its agents and assigns, was authorized to sign agreements relating to healthcare services rendered by Plaintiff Perfecting Minds ABA LLC on behalf of Defendant.

42. Precision Benefit Services, and its agents and assigns, was authorized to sign agreements relating to healthcare services rendered by Plaintiff Dawning Prosperity ABA LLC on behalf of Defendant.

43. Defendant is bound by the actions taken by Meritain Health.

44. Defendant is bound by the actions taken by agents and assigns of Meritain Health.

45. Defendant is bound by the actions taken by Multiplan.

46. Defendant is bound by the actions taken by DataiSight.

47. Defendant is bound by the actions taken by Precision Benefit Services.

48. Plaintiff Echoing Minds ABA LLC signed agreements with Defendant through its agents relating to claims submitted by Plaintiff Echoing Minds ABA LLC, in which Plaintiff Echoing Minds ABA LLC agreed to provide services to the Member covered by an insurance plan funded by the Defendant for a set rate.

49. Plaintiff Perfecting Minds ABA LLC signed agreements with Defendant through its agents relating to claims submitted by Perfecting Minds ABA LLC, in which Perfecting Minds ABA LLC agreed to provide services to the Member covered by an insurance plan funded by the Defendant for a set rate.

50. In said agreements, the Defendant agreed to pay Plaintiff Echoing Minds ABA LLC certain fixed amounts per claim submitted.

51. In said agreements, the Defendant agreed to pay Plaintiff Perfecting Minds ABA LLC certain fixed amounts per claim submitted.

52. Plaintiff Dawning Prosperity ABA LLC signed agreements with Defendant through its agents relating to claims submitted by Dawning Prosperity ABA LLC, in which Dawning Prosperity ABA LLC agreed to provide services to the Member covered by an insurance plan funded by the Defendant for set rates.

53. The agreements between Plaintiff Dawning Prosperity ABA LLC and Defendant listed four different CPT codes which it was agreed that Defendant would pay per unit billed at fixed rates, depending upon the CPT code.

54. While commonly known as CPT, this refers to "Current Procedural Terminology", which is a medical code set created and maintained by the American Medical Association, and

used by physicians, allied health professionals, nonphysician practitioners, hospitals, outpatient facilities, and laboratories to represent the services and procedures they perform.

55.    In order to obtain payment from Defendant, Plaintiffs would submit its claim forms to Defendant directly or to Meritain Health, as the agent of Defendant to, among other things, process the submitted claims.

56.    The claim forms submitted by Plaintiffs to Defendant or to Meritain Health showed the dates that services were performed.

57.    The claim forms submitted by Plaintiffs to Defendant or to Meritain Health showed the type of service provided, via the CPT code.

58.    The claim forms submitted by Plaintiffs to Defendant or to Meritain Health showed how many units of the service were provided by Plaintiffs to the Member.

59.    Defendant accepted the claims submitted by Plaintiffs.

60.    Meritain Health accepted the claims submitted by Plaintiffs.

61.    Defendant accepted the proofs from Plaintiffs showing that services were rendered to the benefit of Member.

62.    Meritain Health accepted the proofs from Plaintiffs showing that services were rendered to the benefit of Member.

63.    After submission of the claim forms to Defendant or Meritain Health, the processing of the claim forms was limited to ensuring that the services took place and for payment of said claims.

64.    The agreements or promises by Defendant to Plaintiffs meant that services were already approved to be rendered.

65.    Based on the agreements with Defendant, the amount owed by Defendant is clear.

66.     Alternatively, based on the promises of payment by Defendant, the amount owed by Defendant is clear.

67.     The promises by Defendant for payment were clear as to the amount to be paid to the Plaintiffs for services rendered.

68.     Defendant did not timely object to the claims submitted by Plaintiff Echoing Minds ABA LLC.

69.     Defendant did not timely object to the claims submitted by Plaintiff Perfecting Minds ABA LLC.

70.     Defendant did not timely object to the claims submitted by Plaintiff Dawning Prosperity ABA LLC.

71.     Defendant began improperly paying claims, or not even paying certain claims at all, for services rendered by Plaintiff Echoing Minds ABA LLC from on or about January 2, 2023.

72.     Defendant began improperly paying claims, or not even paying certain claims at all, for services rendered by Plaintiff Perfecting Minds ABA LLC from on or about September 3, 2022.

73.     Defendant began improperly paying claims, or not even paying certain claims at all, for services rendered by Plaintiff Dawning Prosperity ABA LLC from on or about December 20, 2023.

74.     Of the remaining claims that have not been fully paid, Defendant partially paid many of the claims.

75.     Of the remaining claims that have not been fully paid, Defendant did not pay anything for some of the claims.

76.    For certain claims submitted by the Plaintiffs, Meritain Health, through Multiplan, negotiated for Defendant to pay lower rates than that demanded by Plaintiffs.

77.    Plaintiffs agreed to lower the amount they demanded as against Defendant as per the negotiations with Multiplan.

78.    The offers by Multiplan and acceptance by Plaintiffs are binding upon Defendant.

79.    Alternatively, the promises by Multiplan and reliance by Plaintiffs are binding upon Defendant.

80.    For certain claims submitted by the Plaintiffs, Meritain Health, through DataiSight, negotiated for Defendant to pay lower rates than that demanded by Plaintiffs.

81.    Plaintiffs agreed to lower the amount they demanded as against Defendant as per the negotiations with DataiSight.

82.    The offers by DataiSight and acceptance by Plaintiffs are binding upon Defendant.

83.    Alternatively, the promises by DataiSight and reliance by Plaintiffs are binding upon Defendant.

84.    For certain claims submitted by the Plaintiffs, Meritain Health, through Precision Benefit Services, negotiated for Defendant to pay lower rates than that demanded by Plaintiffs.

85.    Plaintiffs agreed to lower the amount they demanded as against Defendant as per the negotiations with Precision Benefit Services approximately.

86.    The offers by Precision Benefit Services and acceptance by Plaintiffs are binding upon Defendant.

87.    Alternatively, the promises by Precision Benefit Services and reliance by Plaintiffs are binding upon Defendant.

88.     Approximately eighty five claims were submitted by Plaintiffs which have not been fully paid.

89.     Out of the approximately eighty five claims submitted by Plaintiffs to Defendant, about seventy six have been partially paid, but at the incorrect rates.

90.     Out of the approximately eighty five claims submitted by Plaintiff to Defendant, at least nine were simply unpaid.

91.     A copy of the agreements, or alternatively the promises, are annexed as **EXHIBIT A**.

92.     Plaintiffs have also provided an Excel spreadsheet to Defendant listing the claims that are still outstanding by email on January 13, 2026. The Excel spreadsheet contains all of the information needed by Defendant to ascertain the claims referred to by Plaintiff. Since the Excel spreadsheet contains considerable proprietary information and privacy considerations are implicated, Plaintiff does not annex the Excel spreadsheet to this Complaint.

93.     Plaintiffs have requested multiple times that Defendant pay the outstanding claims.

94.     Defendant has not paid the outstanding claims.

95.     Defendant has admitted that the services it refuses to pay for were rendered.

96.     By partially paying for services relating to about seventy six of the claims, Defendant admitted that those services were rendered.

97.     Plaintiffs have been damaged by Defendant's nonpayment of claims due and owing to Plaintiffs.

<strong><u>AS FOR A FIRST CAUSE OF ACTION</u></strong><br><strong><u>(Breach of Contract by Plaintiff Echoing Minds ABA LLC)</u></strong>

98.     Plaintiffs repeat and reallege paragraphs 1 through 97 as if each were more fully set forth at length herein.

99.     Plaintiff Echoing Minds ABA LLC provided services to the Member and its beneficiaries.

100.    Notwithstanding any plan documents, Plaintiff Echoing Minds ABA LLC entered into agreements with Defendant through its agents, wherein they would pay fixed rates for services rendered by the Plaintiff Echoing Minds ABA LLC to the Member and their beneficiaries.

101.    The parties agreed that Plaintiff Echoing Minds ABA LLC would provide services to a Member and their beneficiaries and in return Defendant would pay for the services rendered.

102.    Defendant and Plaintiff Echoing Minds ABA LLC agreed that Plaintiff Echoing Minds ABA LLC would provide services to a Member or beneficiary covered by Defendant, and in return Defendant would pay for the services rendered.

103.    The Defendant, through its agents, and Plaintiff Echoing Minds ABA LLC entered into agreements, wherein Plaintiff Echoing Minds ABA LLC agreed to provide services rendered to the Member and its beneficiaries covered by an insurance plan funded by Defendant for a set rate.

104.    This agreement was only for the amount of money to be paid.

105.    By entering into agreements, Defendant agreed to coverage of the services for the Member.

106.    Plaintiff Echoing Minds ABA LLC provided services to a member covered by Defendant.

11

107.    Plaintiff Echoing Minds ABA LLC billed Defendant for the services rendered by submitting claim forms.

108.    Defendant was bound to pay Plaintiff Echoing Minds ABA LLC at the agreed-upon amounts.

109.    Defendant is responsible for making payments to Plaintiff Echoing Minds ABA LLC for the healthcare services rendered.

110.    Thus, the only issue in this case is the amount owed to Plaintiff.

111.    Plaintiff Echoing Minds ABA LLC has demanded payment from Defendant for the services rendered by Plaintiff Echoing Minds ABA LLC.

112.    Defendant has refused to pay for the services rendered.

113.    Plaintiff Echoing Minds ABA LLC has been damaged due to the Defendant's nonpayment of the amounts due and owing.

114.    As a result of the foregoing, the Court should order that Plaintiff Echoing Minds ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than one hundred ninety six thousand four hundred fifty three dollars and thirty five cents ($196,453.35), along with interest from September 3, 2022, attorney's fees, and other costs.

## AS FOR A SECOND CAUSE OF ACTION
### (Breach of Contract by Plaintiff Perfecting Minds ABA LLC)

115.    Plaintiffs repeat and reallege paragraphs 1 through 114 as if each were more fully set forth at length herein.

116.    Plaintiff Perfecting Minds ABA LLC provided services to the Member and its beneficiaries.

117.     Notwithstanding any plan documents, Plaintiff Perfecting Minds ABA LLC entered into agreements with Defendant through its agents, wherein they would pay fixed rates for services rendered by the Plaintiff Perfecting Minds ABA LLC to the Member and their beneficiaries.

118.     The parties agreed that Plaintiff Perfecting Minds ABA would provide services to a Member and their beneficiaries and in return Defendant would pay for the services rendered.

119.     Defendant and Plaintiff Perfecting Minds ABA LLC agreed that Plaintiff Perfecting Minds ABA LLC would provide services to a Member or beneficiary covered by Defendant, and in return Defendant would pay for the services rendered.

120.     The Defendant, through its agents, and Plaintiff Perfecting Minds ABA LLC entered into agreements, wherein Plaintiff Perfecting Minds ABA LLC agreed to provide services rendered to the Member and its beneficiaries covered by an insurance plan funded by Defendant for a set rate.

121.     This agreement was only for the amount of money to be paid.

122.     By entering into agreements, Defendant agreed to coverage of the services for the Member.

123.     Plaintiff Perfecting Minds ABA LLC provided services to a member covered by Defendant.

124.     Plaintiff Perfecting Minds ABA LLC billed Defendant for the services rendered by submitting claim forms.

125.     Defendant was bound to pay Plaintiff Perfecting Minds ABA LLC at the agreed-upon amounts.

126.     Defendant is responsible for making payments to Plaintiff Perfecting Minds ABA LLC for the healthcare services rendered.

127.    Thus, the only issue in this case is the amount owed to Plaintiff.

128.    Plaintiff Perfecting Minds ABA LLC has demanded payment from Defendant for the services rendered by Plaintiff Perfecting Minds ABA LLC.

129.    Defendant has refused to pay for the services rendered.

130.    Plaintiff Perfecting Minds ABA LLC has been damaged due to the Defendant's nonpayment of the amounts due and owing.

131.    As a result of the foregoing, the Court should order that Plaintiff Perfecting Minds ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than three hundred sixty thousand three hundred thirty two dollars and eighty two cents ($360,332.82), along with interest from January 2, 2023, attorney's fees, and other costs.


## AS FOR A THIRD CAUSE OF ACTION
### (Breach of Contract by Plaintiff Dawning Prosperity ABA LLC)

132.    Plaintiffs repeat and reallege paragraphs 1 through 131 as if each were more fully set forth at length herein.

133.    Plaintiff Dawning Prosperity ABA LLC provided services to the Member and its beneficiaries.

134.    Notwithstanding any plan documents, Plaintiff Dawning Prosperity ABA LLC entered into agreements with Defendant through its agents, wherein they would pay fixed rates for services rendered by the Plaintiff Dawning Prosperity ABA LLC to the Member and their beneficiaries.

135.    The parties agreed that Plaintiff Dawning Prosperity ABA would provide services to a Member and their beneficiaries and in return Defendant would pay for the services rendered.

136.    Defendant and Plaintiff Dawning Prosperity ABA LLC agreed that Plaintiff Perfecting Minds ABA LLC would provide services to a Member or beneficiary covered by Defendant, and in return Defendant would pay for the services rendered.

137.    The Defendant, through its agents, and Plaintiff Dawning Prosperity ABA LLC entered into agreements, wherein Plaintiff Dawning Prosperity ABA LLC agreed to provide services rendered to the Member and its beneficiaries covered by an insurance plan funded by Defendant for a set rate.

138.    This agreement was only for the amount of money to be paid.

139.    By entering into agreements, Defendant agreed to coverage of the services for the Member.

140.    Plaintiff Dawning Prosperity ABA LLC provided services to a member covered by Defendant.

141.    Plaintiff Dawning Prosperity ABA LLC billed Defendant for the services rendered by submitting claim forms.

142.    Defendant was bound to pay Plaintiff Dawning Prosperity ABA LLC at the agreed-upon amounts.

143.    Defendant is responsible for making payments to Plaintiff Dawning Prosperity ABA LLC for the healthcare services rendered.

144.    Thus, the only issue in this case is the amount owed to Plaintiff.

145.    Plaintiff Dawning Prosperity ABA LLC has demanded payment from Defendant for the services rendered by Plaintiff Dawning Prosperity ABA LLC.

146.    Defendant has refused to pay for the services rendered.

147.    Plaintiff Dawning Prosperity LLC has been damaged due to the Defendant's nonpayment of the amounts due and owing.

148.    As a result of the foregoing, the Court should order that Plaintiff Dawning Prosperity ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than ten thousand six hundred thirty seven dollars and eighty one cents ($10,637.81), along with interest from December 20, 2023, attorney's fees, and other costs.

## AS FOR A FOURTH CAUSE OF ACTION
### (Unjust Enrichment by Plaintiff Echoing Minds ABA LLC, in the Alternative)

149.    Plaintiffs repeat and reallege paragraphs 1 through 148 as if each were more fully set forth at length herein.

150.    Member belongs to a health insurance program that is covered by Defendant.

151.    By running a health insurance fund covering the Member, the Defendant agrees that upon approving coverage of the services, it will pay for health insurance-related services submitted by a provider of such services to the Member.

152.    Defendant is responsible for the payment of health care services rendered to the Member.

153.    Plaintiff Echoing Minds ABA LLC, being a provider of healthcare-related services, agreed to provide services to Member and the covered child of said Member.

154.    Plaintiff Echoing Minds ABA LLC provided healthcare-related services to the Member and the covered child of said Member.

155.    Defendant agreed to pay for services that Plaintiff Echoing Minds ABA LLC rendered to the Member and the covered child of said Member.

156. Based upon Defendant's representations, Plaintiff Echoing Minds ABA LLC justifiably relied on Defendant to pay for services that Plaintiff Echoing Minds ABA LLC rendered to the Member and the covered child of said Member.

157. Defendant is a reputable company.

158. Plaintiff Echoing Minds ABA LLC also relied upon Defendant's representations since it is a reputable company.

159. Based upon Defendant's actions, Plaintiff Echoing Minds ABA LLC justifiably relied on Defendant to pay for services that Plaintiff Echoing Minds ABA LLC rendered to the Member and the covered child of said Member.

160. Based upon Defendant's business practices, Plaintiff Echoing Minds ABA LLC justifiably relied on Defendant to pay for services that Plaintiff Echoing Minds ABA LLC rendered to the Member and the covered child of said Member.

161. Between on or about September 3, 2022, Plaintiff Echoing Minds ABA LLC, the provider, provided services to the Member and the covered child of said Member.

162. Plaintiff Echoing Minds ABA LLC provided services to a member covered by Defendant.

163. Plaintiff Echoing Minds ABA LLC has not been fully recompensed for the services rendered to the Member and the covered child of said Member.

164. Defendant has been enriched by the services rendered since its Member received services.

165. Defendant has been enriched by the services rendered since the Defendant did not pay for those services.

166.    Defendant has also been enriched by the services rendered since its Member received services and the Member believes that its employer, Defendant, paid for the services. This conferred a public relations benefit upon the Defendant.

167.    Defendant's enrichment has come at the expense of Plaintiff Echoing Minds ABA LLC, which did not receive funds for the services it rendered to Defendant's member.

168.    It is against equity and good conscience to permit the Defendant to retain what is sought to be recovered.

169.    It is against equity and good conscience to permit the Defendant to represent to its Members that the Members are covered by services and then not pay for those services.

170.    Defendant is responsible for making payments to Plaintiff Echoing Minds ABA LLC for the healthcare services rendered.

171.    Based on the foregoing, the Court should order that Plaintiff Echoing Minds ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than one hundred ninety six thousand four hundred fifty three dollars and thirty five cents ($196,453.35), along with interest from September 3, 2022, attorney's fees, and other costs.


**AS FOR A FIFTH CAUSE OF ACTION**
(**Unjust Enrichment by Plaintiff Perfecting Minds ABA LLC, in the Alternative**)

172.    Plaintiffs repeat and reallege paragraphs 1 through 171 as if each were more fully set forth at length herein.

173.    Member belongs to a health insurance program that is covered by Defendant.

174.    By running a health insurance fund covering the Member, the Defendant agrees that upon approving coverage of the services, it will pay for health insurance-related services submitted by a provider of such services to the Member.

18

175.    Defendant is responsible for the payment of health care services rendered to the Member.

176.    Plaintiff Perfecting Minds ABA LLC, being a provider of healthcare-related services, agreed to provide services to Member and the covered child of said Member.

177.    Plaintiff Perfecting Minds ABA LLC provided healthcare-related services to the Member and the covered child of said Member.

178.    Defendant agreed to pay for services that Plaintiff Perfecting Minds ABA LLC rendered to the Member and the covered child of said Member.

179.    Based upon Defendant's representations, Plaintiff Perfecting Minds ABA LLC justifiably relied on Defendant to pay for services that Plaintiff Perfecting Minds ABA LLC rendered to the Member and the covered child of said Member.

180.    Defendant is a reputable company.

181.    Plaintiff Perfecting Minds ABA LLC also relied upon Defendant's representations since it is a reputable company.

182.    Based upon Defendant's actions, Plaintiff Perfecting Minds ABA LLC justifiably relied on Defendant to pay for services that Plaintiff Perfecting Minds ABA LLC rendered to the Member and the covered child of said Member.

183.    Based upon Defendant's business practices, Plaintiff Perfecting Minds ABA LLC justifiably relied on Defendant to pay for services that Plaintiff Perfecting Minds ABA LLC rendered to the Member and the covered child of said Member.

184.    Between on or about January 2, 2023, Plaintiff Perfecting Minds ABA LLC, the provider, provided services to the Member and the covered child of said Member.

185.    Plaintiff Perfecting Minds ABA LLC provided services to a member covered by Defendant.

186.    Plaintiff Perfecting Minds ABA LLC has not been fully recompensed for the services rendered to the Member and the covered child of said Member.

187.    Defendant has been enriched by the services rendered since its Member received services.

188.    Defendant has been enriched by the services rendered since the Defendant did not pay for those services.

189.    Defendant has also been enriched by the services rendered since its Member received services and the Member believes that its employer, Defendant, paid for the services. This conferred a public relations benefit upon the Defendant.

190.    Defendant's enrichment has come at the expense of Plaintiff Perfecting Minds ABA LLC, which did not receive funds for the services it rendered to Defendant's member.

191.    It is against equity and good conscience to permit the Defendant to retain what is sought to be recovered.

192.    It is against equity and good conscience to permit the Defendant to represent to its Members that the Members are covered by services and then not pay for those services.

193.    Defendant is responsible for making payments to Plaintiff Perfecting Minds ABA LLC for the healthcare services rendered.

194.    Based on the foregoing, the Court should order that Plaintiff Perfecting Minds ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than three hundred sixty thousand three hundred thirty two dollars and eighty two cents ($360,332.82), along with interest from January 2, 2023, attorney's fees, and other costs.

## AS FOR A SIXTH CAUSE OF ACTION
### (Unjust Enrichment by Plaintiff Dawning Prosperity ABA LLC, in the Alternative)

195.    Plaintiffs repeat and reallege paragraphs 1 through 194 as if each were more fully set forth at length herein.

196.    Member belongs to a health insurance program that is covered by Defendant.

197.    By running a health insurance fund covering the Member, the Defendant agrees that upon approving coverage of the services, it will pay for health insurance-related services submitted by a provider of such services to the Member.

198.    Defendant is responsible for the payment of health care services rendered to the Member.

199.    Plaintiff Dawning Prosperity ABA LLC, being a provider of healthcare-related services, agreed to provide services to Member and the covered child of said Member.

200.    Plaintiff Dawning Prosperity ABA LLC provided healthcare-related services to the Member and the covered child of said Member.

201.    Defendant agreed to pay for services that Plaintiff Dawning Prosperity ABA LLC rendered to the Member and the covered child of said Member.

202.    Based upon Defendant's representations, Plaintiff Dawning Prosperity ABA LLC justifiably relied on Defendant to pay for services that Plaintiff Dawning Prosperity ABA LLC rendered to the Member and the covered child of said Member.

203.    Defendant is a reputable company.

204.    Plaintiff Dawning Prosperity ABA LLC also relied upon Defendant's representations since it is a reputable company.

205.    Based upon Defendant's actions, Plaintiff Dawning Prosperity ABA LLC justifiably relied on Defendant to pay for services that Plaintiff Dawning Prosperity ABA LLC rendered to the Member and the covered child of said Member.

206.    Based upon Defendant's business practices, Plaintiff Dawning Prosperity ABA LLC justifiably relied on Defendant to pay for services that Plaintiff Dawning Prosperity ABA LLC rendered to the Member and the covered child of said Member.

207.    Between on or about December 20, 2023, Plaintiff Dawning Prosperity ABA LLC, the provider, provided services to the Member and the covered child of said Member.

208.    Plaintiff Dawning Prosperity ABA LLC provided services to a member covered by Defendant.

209.    Plaintiff Dawning Prosperity has not been fully recompensed for the services rendered to the Member and the covered child of said Member.

210.    Defendant has been enriched by the services rendered since its Member received services.

211.    Defendant has been enriched by the services rendered since the Defendant did not pay for those services.

212.    Defendant has also been enriched by the services rendered since its Member received services and the Member believes that its employer, Defendant, paid for the services. This conferred a public relations benefit upon the Defendant.

213.    Defendant's enrichment has come at the expense of Plaintiff Dawning Prosperity ABA LLC, which did not receive funds for the services it rendered to Defendant's member.

214.    It is against equity and good conscience to permit the Defendant to retain what is sought to be recovered.

215.    It is against equity and good conscience to permit the Defendant to represent to its Members that the Members are covered by services and then not pay for those services.

216.    Defendant is responsible for making payments to Plaintiff Dawning Prosperity ABA LLC for the healthcare services rendered.

217.    Based on the foregoing, the Court should order that Plaintiff Dawning Prosperity ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than ten thousand six hundred thirty seven dollars and eighty one cents ($10,637.81), along with interest from December 20, 2023, attorney's fees, and other costs.


## AS FOR A SEVENTH CAUSE OF ACTION
### (Account Stated by Plaintiff Echoing Minds ABA LLC, In the Alternative)

218.    Plaintiffs repeat and reallege paragraphs 1 through 217 as if each were more fully set forth at length herein.

219.    Plaintiff Echoing Minds ABA LLC submitted its claim forms to Defendant.

220.    Defendant received the claim forms from Plaintiff Echoing Minds ABA LLC.

221.    Meritain Health, as agent of Defendant, received the claim forms from Plaintiff Echoing Minds ABA LLC.

222.    Meritain Health, as agent of Defendant, processed the claim forms received from Plaintiff Echoing Minds ABA LLC.

223.    Defendant did not object to the propriety of the claims, since Defendant admitted that the services took place.

224.    Defendant did not object to the payment of the claims after a reasonable period of receiving the claim forms.

225.    Plaintiff Echoing Minds ABA LLC demanded payment for the services rendered.

226.    Defendant refused to pay Plaintiff Echoing Minds ABA LLC per the claim forms submitted.

227.    Defendant refused to pay Plaintiff Echoing Minds ABA LLC the full amount owed.

228.    Defendant refused to pay Plaintiff Echoing Minds ABA LLC the amount that it agreed to pay Plaintiff Echoing Minds ABA LLC per claim.

229.    Defendant is responsible to make payments to Plaintiff Echoing Minds ABA LLC for the healthcare services rendered.

230.    Defendant, through its agents, agreed to pay fixed rates for services rendered.

231.    Thus, the only issue in this case is the amount owed to Plaintiff Echoing Minds ABA LLC.

232.    Defendant is required to make payments to the Plaintiff Echoing Minds ABA LLC, as Plaintiff Echoing Minds ABA LLC provided services for the Member.

233.    Defendant is required to make payments for covered individuals.

234.    As a result of the foregoing, the Court should order that Plaintiff Echoing Minds ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than one hundred ninety six thousand four hundred fifty three dollars and thirty five cents ($196,453.35), along with interest from September 3, 2022, attorney's fees, and other costs.


### AS FOR AN EIGHTH CAUSE OF ACTION
### (Account Stated by Plaintiff Perfecting Minds ABA LLC, In the Alternative)

235.    Plaintiffs repeat and reallege paragraphs 1 through 234 as if each were more fully set forth at length herein.

236.    Plaintiff Perfecting Minds ABA LLC submitted its claim forms to Defendant.

237.    Defendant received the claim forms from Plaintiff Perfecting Minds ABA LLC.

238.    Meritain Health, as agent of Defendant, received the claim forms from Plaintiff Perfecting Minds ABA LLC.

239.    Meritain Health, as agent of Defendant, processed the claim forms received from Plaintiff Perfecting Minds ABA LLC.

240.    Defendant did not object to the propriety of the claims, since Defendant admitted that the services took place.

241.    Defendant did not object to the payment of the claims after a reasonable period of receiving the claim forms.

242.    Plaintiff Perfecting Minds ABA LLC demanded payment for the services rendered.

243.    Defendant refused to pay Plaintiff Perfecting Minds ABA LLC per the claim forms submitted.

244.    Defendant refused to pay Plaintiff Perfecting Minds ABA LLC the full amount owed.

245.    Defendant refused to pay Plaintiff Perfecting Minds ABA LLC the amount that it agreed to pay Plaintiff Perfecting Minds ABA LLC per claim.

246.    Defendant is responsible to make payments to Plaintiff Perfecting Minds ABA LLC for the healthcare services rendered.

247.    Defendant, through its agents, agreed to pay fixed rates for services rendered.

248.    Thus, the only issue in this case is the amount owed to Plaintiff Perfecting Minds ABA LLC.

249.    Defendant is required to make payments to the Plaintiff Perfecting Minds ABA LLC, as Plaintiff Perfecting Minds ABA LLC provided services for the Member.

250.    Defendant is required to make payments for covered individuals.

251.    As a result of the foregoing, the Court should order that Plaintiff Perfecting Minds ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than three hundred sixty thousand three hundred thirty two dollars and eighty two cents ($360,332.82), along with interest from January 2, 2023, attorney's fees, and other costs.

## AS FOR A NINTH CAUSE OF ACTION
### (Account Stated by Plaintiff Dawning Prosperity ABA LLC, In the Alternative)

252.    Plaintiffs repeat and reallege paragraphs 1 through 251 as if each were more fully set forth at length herein.

253.    Plaintiff Dawning Prosperity ABA LLC submitted its claim forms to Defendant.

254.    Defendant received the claim forms from Plaintiff Dawning Prosperity ABA LLC.

255.    Meritain Health, as agent of Defendant, received the claim forms from Plaintiff Dawning Prosperity ABA LLC.

256.    Meritain Health, as agent of Defendant, processed the claim forms received from Plaintiff Dawning Prosperity ABA LLC.

257.    Defendant did not object to the propriety of the claims, since Defendant admitted that the services took place.

258.    Defendant did not object to the payment of the claims after a reasonable period of receiving the claim forms.

259.    Plaintiff Dawning Prosperity ABA LLC demanded payment for the services rendered.

260.    Defendant refused to pay Plaintiff Dawning Prosperity ABA LLC per the claim forms submitted.

261.    Defendant refused to pay Plaintiff Dawning Prosperity ABA LLC the full amount owed.

262.    Defendant refused to pay Plaintiff Dawning Prosperity ABA LLC the amount that it agreed to pay Plaintiff Dawning Prosperity ABA LLC per claim.

263.    Defendant is responsible to make payments to Plaintiff Dawning Prosperity ABA LLC for the healthcare services rendered.

264.    Defendant, through its agents, agreed to pay fixed rates for services rendered.

265.    Thus, the only issue in this case is the amount owed to Plaintiff Dawning Prosperity ABA LLC.

266.    Defendant is required to make payments to the Plaintiff Dawning Prosperity ABA LLC, as Plaintiff Dawning Prosperity ABA LLC provided services for the Member.

267.    Defendant is required to make payments for covered individuals.

268.    As a result of the foregoing, the Court should order that Plaintiff Dawning Prosperity ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than ten thousand six hundred thirty seven dollars and eighty one cents ($10,637.81), along with interest from December 20, 2023, attorney's fees, and other costs.

## AS FOR A TENTH CAUSE OF ACTION
### (Violation of the Implied Duty of Good Faith and Fair Dealing by Plaintiff Echoing Minds ABA LLC, In the Alternative)

269.    Plaintiffs repeat and reallege paragraphs 1 through 268 as if each were more fully set forth at length herein.

270.    By agreeing to pay set rates upon Plaintiff Echoing Minds ABA LLC rendering services to the Member, Defendant bound itself to act in good faith and deal fairly with Plaintiff Echoing Minds ABA LLC.

271.    By outright refusing to make the payments owed to the Plaintiff Echoing Minds ABA LLC despite Plaintiff Echoing Minds ABA LLC having rendered services to the Member, Defendant breached its duty of good faith and fair dealing.

272.    By leading on the Plaintiff Echoing Minds ABA LLC to provide services to the Member and not pay the Plaintiff Echoing Minds ABA LLC for the services rendered, Defendant breached its duty of good faith and fair dealing.

273.    As a result of the foregoing, the Court should order that Plaintiff Echoing Minds ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than one hundred ninety six thousand four hundred fifty three dollars and thirty five cents ($196,453.35), along with interest from September 3, 2022, attorney's fees, and other costs.

## AS FOR AN ELEVENTH TENTH CAUSE OF ACTION
### (Violation of the Implied Duty of Good Faith and Fair Dealing by Plaintiff Perfecting Minds ABA LLC, In the Alternative

274.    Plaintiffs repeat and reallege paragraphs 1 through 273 as if each were more fully set forth at length herein.

275.    By agreeing to pay set rates upon Plaintiff Perfecting Minds ABA LLC rendering services to the Member, Defendant bound itself to act in good faith and deal fairly with Plaintiff Perfecting Minds ABA LLC.

276.    By outright refusing to make the payments owed to the Plaintiff Perfecting Minds ABA LLC despite Plaintiff Perfecting Minds ABA LLC having rendered services to the Member, Defendant breached its duty of good faith and fair dealing.

277.    By leading on the Plaintiff Perfecting Minds ABA LLC to provide services to the Member and not pay the Plaintiff Perfecting Minds ABA LLC for the services rendered, Defendant breached its duty of good faith and fair dealing.

278.    As a result of the foregoing, the Court should order that Plaintiff Perfecting Minds ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than three hundred sixty thousand three hundred thirty two dollars and eighty two cents ($360,332.82), along with interest from January 2, 2023, attorney's fees, and other costs.

## AS FOR A TWELFTH CAUSE OF ACTION
### (Violation of the Implied Duty of Good Faith and Fair Dealing by Plaintiff Dawning Prosperity ABA LLC, In the Alternative

279.    Plaintiffs repeat and reallege paragraphs 1 through 278 as if each were more fully set forth at length herein.

280.    By agreeing to pay set rates upon Plaintiff Dawning Prosperity ABA LLC rendering services to the Member, Defendant bound itself to act in good faith and deal fairly with Plaintiff Dawning Prosperity ABA LLC.

281.    By outright refusing to make the payments owed to the Plaintiff Dawning Prosperity ABA LLC despite Plaintiff Dawning Prosperity ABA LLC having rendered services to the Member, Defendant breached its duty of good faith and fair dealing.

282.    By leading on the Plaintiff Dawning Prosperity ABA LLC to provide services to the Member and not pay the Plaintiff Dawning Prosperity ABA LLC for the services rendered, Defendant breached its duty of good faith and fair dealing.

283.    As a result of the foregoing, the Court should order that Plaintiff Dawning Prosperity ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than ten thousand six hundred thirty seven dollars and eighty one cents ($10,637.81), along with interest from December 20, 2023, attorney's fees, and other costs.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Promissory Estoppel by Plaintiff Echoing Minds ABA LLC, In the Alternative)

284.    Plaintiffs repeat and reallege paragraphs 1 through 171 as if each were more fully set forth at length herein.

285.    Plaintiff Echoing Minds ABA LLC provided services to the benefit of the Member.

286.    Defendant made multiple promises to pay Plaintiff Echoing Minds ABA LLC set amounts per services rendered for certain claims.

287.    The promises were clear and unambiguous.

288.    Defendant allowed services to begin.

289.    Defendant had also previously made payments per Multiplan agreements or promises for similar services rendered to the Member.

290.    Meritain Health held itself out to Plaintiff Echoing Minds ABA LLC as the authorized agent of Defendant.

291.    Multiplan held itself out to Plaintiff Echoing Minds ABA LLC as the authorized agent of Defendant and Meritain Health.

292.    As the agent of Meritain Health, and therefore of Defendant, Multiplan's promises of set payment for certain claims bound Defendant.

293.    DataiSight held itself out to Plaintiff Echoing Minds ABA LLC as the authorized agent of Defendant and Meritain Health.

294.    As the agent of Meritain Health, and therefore of Defendant, DataiSight's promises of set payment for certain claims bound Defendant.

295.    Therefore, when Multiplan made its promises to Plaintiff Echoing Minds ABA LLC to pay a sum certain for certain claims submitted, on behalf of Defendant, Plaintiff Echoing Minds ABA LLC justifiably relied on said promise.

296.    Therefore, when DataiSight made its promises to Plaintiff Echoing Minds ABA LLC to pay a sum certain for certain claims submitted, on behalf of Defendant, Plaintiff Echoing Minds ABA LLC justifiably relied on said promise.

297.    Plaintiff Echoing Minds ABA LLC justifiably relied on the promises of agents of Defendant, who had actual authority, and continued to provide service to the Member.

298.    Plaintiff Echoing Minds ABA LLC justifiably relied on the promises of agents of Defendant, who had apparent authority, and continued to provide services to the Member.

299.    Plaintiff Echoing Minds ABA LLC justifiably relied on the promises of Defendant, an established and reputable company, to provide services to the Member.

300.    Since Plaintiff Echoing Minds ABA LLC reasonably perceived Defendant as an established and reputable company, Defendant's act of allowing Plaintiff Echoing Minds ABA LLC to provide services to the Member let Plaintiff Echoing Minds ABA LLC justifiably rely on Defendant, that Defendant would pay the rates it promised to pay to Plaintiff Echoing Minds ABA LLC for services rendered.

301.    Plaintiff Echoing Minds ABA LLC justifiably relied on the promises of Defendant, an established and reputable company, to continue providing services to the Member.

302.    Plaintiff Echoing Minds ABA LLC relied on said promises from Defendant since Plaintiff Echoing Minds ABA LLC had been paid previously by Defendant per those promises.

303.    In fact, for at least one hundred fifty services rendered, Defendant fully paid the amounts it had promised to pay per the set amounts as promised by Defendant, directly or through Meritain Health and its agents.

304.     Defendant had paid over four hundred thousand dollars ($400,000.00) properly, per the promises it made to properly pay the set amounts as promised through Meritain Health and its agents.

305.     Defendant had promised to make payments to Plaintiff Echoing Minds ABA LLC per the amounts that it promised to pay Plaintiff Echoing Minds ABA LLC.

306.     Defendant, through its conduct, had led Plaintiff Echoing Minds ABA LLC to believe that payments for services rendered would be provided.

307.     Especially since Defendant was making full payments for services rendered on many dates of service, Plaintiff Echoing Minds ABA LLC reasonably relied on Defendant's conduct of proper payment per the promises made to continue providing services.

308.     The promises for payments at certain rates constitute promises for payment that are clear and unambiguous.

309.     The promises for payments at certain rates were shown to constitute promises for payment that were clear and unambiguous since Plaintiff Echoing Minds ABA LLC was actually paid by Defendant in accordance with the promises by Defendant.

310.     The promises for payments by Defendant are endorsements of the services rendered by Plaintiff Echoing Minds ABA LLC.

311.     Plaintiff Echoing Minds ABA LLC reasonably understood that services rendered would result in payments in line with the promises.

312.     Plaintiff Echoing Minds ABA LLC reasonably understood that services rendered would result in payment amounts similar to promises made by Defendant through its conduct.

313.     Plaintiff Echoing Minds ABA LLC reasonably understood that services rendered would result in payment amounts similar to promises signed in the past and indeed fully paid.

33

314.    Plaintiff Echoing Minds ABA LLC has not been recompensed for the services rendered.

315.    Plaintiff Echoing Minds ABA LLC has not been recompensed for the services rendered in line with the amount that Defendant had promised to pay.

316.    Defendant has refused to pay per its promises to pay set amounts per claim.

317.    Defendant has refused to pay per the Multiplan promises per claim.

318.    Defendant has refused to pay per the DataiSight promises per claim.

319.    Plaintiff Echoing Minds ABA LLC has incurred damages since Plaintiff Echoing Minds ABA LLC was not paid for services rendered.

320.    As a result of the foregoing, the Court should order that Plaintiff Echoing Minds ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than one hundred ninety six thousand four hundred fifty three dollars and thirty five cents ($196,453.35), along with interest from September 3, 2022, attorney's fees, and other costs.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Promissory Estoppel by Plaintiff Perfecting Minds ABA LLC, In the Alternative)

321.    Plaintiffs repeat and reallege paragraphs 1 through 320 as if each were more fully set forth at length herein.

322.    Plaintiff Perfecting Minds ABA LLC provided services to the benefit of the Member.

323.    Defendant made multiple promises to pay Plaintiff Perfecting Minds ABA LLC set amounts per services rendered for certain claims.

324.    The promises were clear and unambiguous.

325.    Defendant allowed services to begin.

326.    Defendant had also previously made payments per Multiplan agreements or promises for similar services rendered to the Member.

327.    Meritain Health held itself out to Plaintiff Perfecting Minds ABA LLC as the authorized agent of Defendant.

328.    Multiplan held itself out to Plaintiff Perfecting Minds ABA LLC as the authorized agent of Defendant and Meritain Health.

329.    As the agent of Meritain Health, and therefore of Defendant, Multiplan's promises of set payment for certain claims bound Defendant.

330.    DataiSight held itself out to Plaintiff Perfecting Minds ABA LLC as the authorized agent of Defendant and Meritain Health.

331.    As the agent of Meritain Health, and therefore of Defendant, DataiSight's promises of set payment for certain claims bound Defendant.

332.    Therefore, when Multiplan made its promises to Plaintiff Perfecting Minds ABA LLC to pay a sum certain for certain claims submitted, on behalf of Defendant, Plaintiff Perfecting Minds ABA LLC justifiably relied on said promise.

333.    Therefore, when DataiSight made its promises to Plaintiff Perfecting Minds ABA LLC to pay a sum certain for certain claims submitted, on behalf of Defendant, Plaintiff Perfecting Minds ABA LLC justifiably relied on said promise.

334.    Plaintiff Perfecting Minds ABA LLC justifiably relied on the promises of agents of Defendant, who had actual authority, and continued to provide service to the Member.

335.    Plaintiff Perfecting Minds ABA LLC justifiably relied on the promises of agents of Defendant, who had apparent authority, and continued to provide services to the Member.

336.    Plaintiff Perfecting Minds ABA LLC justifiably relied on the promises of Defendant, an established and reputable company, to provide services to the Member.

337.    Since Plaintiff Perfecting Minds ABA LLC reasonably perceived Defendant as an established and reputable company, Defendant's act of allowing Plaintiff Perfecting Minds ABA LLC to provide services to the Member let Plaintiff Perfecting Minds ABA LLC justifiably rely on Defendant, that Defendant would pay the rates it promised to pay to Plaintiff Perfecting Minds ABA LLC for services rendered.

338.    Plaintiff Perfecting Minds ABA LLC justifiably relied on the promises of Defendant, an established and reputable company, to continue providing services to the Member.

339.    Plaintiff Perfecting Minds ABA LLC relied on said promises from Defendant since Plaintiff Perfecting Minds ABA LLC had been paid previously by Defendant per those promises.

340.    In fact, for at least one hundred services rendered, Defendant fully paid the amounts it had promised to pay per the set amounts as promised by Defendant, directly or through Meritain Health and its agents.

341.    Defendant had paid over four hundred thousand dollars ($400,000.00) properly, per the promises it made to properly pay the set amounts as promised through Meritain Health and its agents.

342.    Defendant had promised to make payments to Plaintiff Perfecting Minds ABA LLC per the amounts that it promised to pay Plaintiff Perfecting Minds ABA LLC.

343.    Defendant, through its conduct, had led Plaintiff Perfecting Minds ABA LLC to believe that payments for services rendered would be provided.

344.    Especially since Defendant was making full payments for services rendered on many dates of service, Plaintiff Perfecting Minds ABA LLC reasonably relied on Defendant's conduct of proper payment per the promises made to continue providing services.

345.    The promises for payments at certain rates constitute promises for payment that are clear and unambiguous.

346.    The promises for payments at certain rates were shown to constitute promises for payment that were clear and unambiguous since Plaintiff Perfecting Minds ABA LLC was actually paid by Defendant in accordance with the promises by Defendant.

347.    The promises for payments by Defendant are endorsements of the services rendered by Plaintiff Perfecting Minds ABA LLC.

348.    Plaintiff Perfecting Minds ABA LLC reasonably understood that services rendered would result in payments in line with the promises.

349.    Plaintiff Perfecting Minds ABA LLC reasonably understood that services rendered would result in payment amounts similar to promises made by Defendant through its conduct.

350.    Plaintiff Perfecting Minds ABA LLC reasonably understood that services rendered would result in payment amounts similar to promises signed in the past and indeed fully paid.

351.    Plaintiff Perfecting Minds ABA LLC has not been recompensed for the services rendered.

352.    Plaintiff Perfecting Minds ABA LLC has not been recompensed for the services rendered in line with the amount that Defendant had promised to pay.

353.    Defendant has refused to pay per its promises to pay set amounts per claim.

354.    Defendant has refused to pay per the Multiplan promises per claim.

355.    Defendant has refused to pay per the DataiSight promises per claim.

356.    Plaintiff Perfecting Minds ABA LLC has incurred damages since Plaintiff Perfecting Minds ABA LLC was not paid for services rendered.

357.    As a result of the foregoing, the Court should order that Plaintiff Perfecting Minds ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than three hundred sixty thousand three hundred thirty two dollars and eighty two cents ($360,332.82), along with interest from January 2, 2023, attorney's fees, and other costs.


**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
**(Promissory Estoppel by Plaintiff Dawning Prosperity ABA LLC, In the Alternative)**

358.    Plaintiffs repeat and reallege paragraphs 1 through 357 as if each were more fully set forth at length herein.

359.    Plaintiff Dawning Prosperity ABA LLC provided services to the benefit of the Member.

360.    Defendant made multiple promises to pay Plaintiff Dawning Prosperity ABA LLC set amounts per services rendered for certain CPT codes billed.

361.    The promises were clear and unambiguous.

362.    Defendant allowed services to begin.

363.    Defendant had also previously made payments per Precision Benefit Services agreements or promises for similar services rendered to the Member.

364.    Meritain Health held itself out to Plaintiff Dawning Prosperity ABA LLC as the authorized agent of Defendant.

365.    Precision Benefit Services held itself out to Plaintiff Dawning Prosperity ABA LLC as the authorized agent of Defendant and Meritain Health.

366.    As the agent of Meritain Health, and therefore of Defendant, Precision Benefit Services's promises of set payment for certain claims bound Defendant.

367.    Therefore, when Precision Benefit Services made its promises to Plaintiff Dawning Prosperity ABA LLC to pay a sum certain for certain claims submitted, on behalf of Defendant, Plaintiff Dawning Prosperity ABA LLC justifiably relied on said promise.

368.    Plaintiff Dawning Prosperity ABA LLC justifiably relied on the promises of agents of Defendant, who had actual authority, and continued to provide service to the Member.

369.    Plaintiff Dawning Prosperity ABA LLC justifiably relied on the promises of agents of Defendant, who had apparent authority, and continued to provide services to the Member.

370.    Plaintiff Dawning Prosperity ABA LLC justifiably relied on the promises of Defendant, an established and reputable company, to provide services to the Member.

371.    Since Plaintiff Dawning Prosperity ABA LLC reasonably perceived Defendant as an established and reputable company, Defendant's act of allowing Plaintiff Dawning Prosperity ABA LLC to provide services to the Member let Plaintiff Dawning Prosperity ABA LLC justifiably rely on Defendant, that Defendant would pay the rates it promised to pay to Plaintiff Dawning Prosperity ABA LLC for services rendered.

372.    Plaintiff Dawning Prosperity ABA LLC justifiably relied on the promises of Defendant, an established and reputable company, to continue providing services to the Member.

373.    Plaintiff Dawning Prosperity ABA LLC relied on said promises from Defendant since Plaintiff Dawning Prosperity ABA LLC had been paid previously by Defendant per those promises.

374.    In fact, for at least four hundred services rendered, Defendant fully paid the amounts it had promised to pay per the set amounts as promised by Defendant, directly or through Meritain Health and its agents.

375.    Defendant had paid over nine hundred thousand dollars ($900,000.00) properly, per the promises it made to properly pay the set amounts as promised through Meritain Health and its agents.

376.    Defendant had promised to make payments to Plaintiff Dawning Prosperity ABA LLC per the amounts that it promised to pay Plaintiff Dawning Prosperity ABA LLC.

377.    Defendant, through its conduct, had led Plaintiff Dawning Prosperity ABA LLC to believe that payments for services rendered would be provided.

378.    Especially since Defendant was making full payments for services rendered on many dates of service, Plaintiff Dawning Prosperity ABA LLC reasonably relied on Defendant's conduct of proper payment per the promises made to continue providing services.

379.    The promises for payments at certain rates constitute promises for payment that are clear and unambiguous.

380.    The promises for payments at certain rates were shown to constitute promises for payment that were clear and unambiguous since Plaintiff Dawning Prosperity ABA LLC was actually paid by Defendant in accordance with the promises by Defendant.

381.    The promises for payments by Defendant are endorsements of the services rendered by Plaintiff Dawning Prosperity ABA LLC.

382.    Plaintiff Dawning Prosperity ABA LLC reasonably understood that services rendered would result in payments in line with the promises.

383.    Plaintiff Dawning Prosperity ABA LLC reasonably understood that services rendered would result in payment amounts similar to promises made by Defendant through its conduct.

384.    Plaintiff Dawning Prosperity ABA LLC reasonably understood that services rendered would result in payment amounts similar to promises signed in the past and indeed fully paid.

385.    Plaintiff Dawning Prosperity ABA LLC has not been recompensed for the services rendered.

386.    Plaintiff Dawning Prosperity ABA LLC has not been recompensed for the services rendered in line with the amount that Defendant had promised to pay.

387.    Defendant has refused to pay per its promises to pay set amounts per claim.

388.    Defendant has refused to pay per the Multiplan promises per claim.

389.    Defendant has refused to pay per the DataiSight promises per claim.

390.    Plaintiff Dawning Prosperity ABA LLC has incurred damages since Plaintiff Dawning Prosperity ABA LLC was not paid for services rendered

391.    As a result of the foregoing, the Court should order that Plaintiff Dawning Prosperity ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than ten thousand six hundred thirty seven dollars and eighty one cents ($10,637.81), along with interest from December 20, 2023, attorney's fees, and other costs.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligent Misrepresentation by Plaintiff Echoing Minds ABA LLC, In the Alternative)

392.    Plaintiffs repeat and reallege paragraphs 1 through 391 as if each were more fully set forth at length herein.

393.    Plaintiff Echoing Minds ABA LLC and Defendant entered into agreements or promises wherein Defendant would pay Plaintiff Echoing Minds ABA LLC set rates for services rendered.

394.    By virtue of these agreements or promises, the parties in this Action had a privity-like relationship.

395.    By virtue of these agreements or promises, a duty was imposed on the Defendant to impart correct information to the Plaintiff Echoing Minds ABA LLC.

396.    Instead of imparting correct information, namely that it would pay certain set amounts for certain rates, Defendant provided incorrect information, stating rates that it was not, in fact, willing to pay.

397.    Due to the previous actions by Defendant, Plaintiff Echoing Minds ABA LLC reasonably relied on the information provided to it by Defendant to continue providing services to the Member.

398.    Defendant did not pay the amount it had agreed to or promised to pay to Plaintiff Echoing Minds ABA LLC.

399.    As a result, Plaintiff Echoing Minds ABA LLC has been damaged by the misrepresentation of the Defendant.

400.    As a result of the foregoing, the Court should order that Plaintiff Echoing Minds ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than

one hundred ninety six thousand four hundred fifty three dollars and thirty five cents ($196,453.35), along with interest from September 3, 2022, attorney's fees, and other costs.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
## (Negligent Misrepresentation by Plaintiff Perfecting Minds ABA LLC, In the Alternative)

401.    Plaintiffs repeat and reallege paragraphs 1 through 400 as if each were more fully set forth at length herein.

402.    Plaintiff Perfecting Minds ABA LLC and Defendant entered into agreements or promises wherein Defendant would pay Plaintiff Perfecting Minds ABA LLC set rates for services rendered.

403.    By virtue of these agreements or promises, the parties in this Action had a privity-like relationship.

404.    By virtue of these agreements or promises, a duty was imposed on the Defendant to impart correct information to the Plaintiff Perfecting Minds ABA LLC.

405.    Instead of imparting correct information, namely that it would pay certain set amounts for certain rates, Defendant provided incorrect information, stating rates that it was not, in fact, willing to pay.

406.    Due to the previous actions by Defendant, Plaintiff Perfecting Minds ABA LLC reasonably relied on the information provided to it by Defendant to continue providing services to the Member.

407.    Defendant did not pay the amount it had agreed to or promised to pay to Plaintiff Perfecting Minds ABA LLC.

408.    As a result, Plaintiff Perfecting Minds ABA LLC has been damaged by the misrepresentation of the Defendant

409.    As a result of the foregoing, the Court should order that Plaintiff Perfecting Minds ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than three hundred sixty thousand three hundred thirty two dollars and eighty two cents ($360,332.82), along with interest from January 2, 2023, attorney's fees, and other costs.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Negligent Misrepresentation by Plaintiff Dawning Prosperity ABA LLC, In the Alternative)

410.    Plaintiffs repeat and reallege paragraphs 1 through 171 as if each were more fully set forth at length herein.

411.    Plaintiff Dawning Prosperity ABA LLC and Defendant entered into agreements or promises wherein Defendant would pay Plaintiff Dawning Prosperity ABA LLC set rates for services rendered.

412.    By virtue of these agreements or promises, the parties in this Action had a privity-like relationship.

413.    By virtue of these agreements or promises, a duty was imposed on the Defendant to impart correct information to the Plaintiff Dawning Prosperity ABA LLC.

414.    Instead of imparting correct information, namely that it would pay certain set amounts for certain rates, Defendant provided incorrect information, stating rates that it was not, in fact, willing to pay.

415.    Due to the previous actions by Defendant, Plaintiff Dawning Prosperity ABA LLC reasonably relied on the information provided to it by Defendant to continue providing services to the Member.

416.    Defendant did not pay the amount it had agreed to or promised to pay to Plaintiff Dawning Prosperity ABA LLC.

417.    As a result, Plaintiff Dawning Prosperity ABA LLC has been damaged by the misrepresentation of the Defendant.

418.    As a result of the foregoing, the Court should order that Plaintiff Dawning Prosperity ABA LLC is entitled to money damages in an amount to be determined at trial, but not less than ten thousand six hundred thirty seven dollars and eighty one cents ($10,637.81), along with interest from December 20, 2023, attorney's fees, and other costs.


## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully prays for an Order and Judgment against the Defendants as follows:

A.  On its First Cause of Action, an Order that Plaintiff Echoing Minds ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from September 3, 2022, attorney's fees, and costs, but not less than one hundred ninety six thousand four hundred fifty three dollars and thirty five cents ($196,453.35);

B.  On its Second Cause of Action, an Order that Plaintiff Perfecting Minds ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from January 2, 2023, attorney's fees, and costs, but not less than o three hundred sixty thousand three hundred thirty two dollars and eighty two cents ($360,332.82);

C.  On its Third Cause of Action, an Order that Plaintiff Dawning Prosperity ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from December 20, 2023, attorney's fees, and costs, but not less than ten thousand six hundred thirty seven dollars and eighty one cents ($10,637.81);

D.  On its Fourth Cause of Action, an Order that Plaintiff Echoing Minds ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from September 3, 2022, attorney's fees, and costs, but not less than one hundred ninety six thousand four hundred fifty three dollars and thirty five cents ($196,453.35);

E.  On its Fifth Cause of Action, an Order that Plaintiff Perfecting Minds ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from January 2, 2023, attorney's fees, and costs, but not less than o three hundred sixty thousand three hundred thirty two dollars and eighty two cents ($360,332.82);

F.  On its Sixth Cause of Action, an Order that Plaintiff Dawning Prosperity ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from December 20, 2023, attorney's fees, and costs, but not less than ten thousand six hundred thirty seven dollars and eighty one cents ($10,637.81);

G.  On its Seventh Cause of Action, an Order that Plaintiff Echoing Minds ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from September 3, 2022, attorney's fees, and

costs, but not less than one hundred ninety six thousand four hundred fifty three dollars and thirty five cents ($196,453.35);

H. On its Eighth Cause of Action, an Order that Plaintiff Perfecting Minds ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from January 2, 2023, attorney's fees, and costs, but not less than o three hundred sixty thousand three hundred thirty two dollars and eighty two cents ($360,332.82);

I. On its Ninth Cause of Action, an Order that Plaintiff Dawning Prosperity ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from December 20, 2023, attorney's fees, and costs, but not less than ten thousand six hundred thirty seven dollars and eighty one cents ($10,637.81);

J. On its Tenth Cause of Action, an Order that Plaintiff Echoing Minds ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from September 3, 2022, attorney's fees, and costs, but not less than one hundred ninety six thousand four hundred fifty three dollars and thirty five cents ($196,453.35);

K. On its Eleventh Cause of Action, an Order that Plaintiff Perfecting Minds ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from January 2, 2023, attorney's fees, and costs, but not less than o three hundred sixty thousand three hundred thirty two dollars and eighty two cents ($360,332.82);

L. On its Twelfth Cause of Action, an Order that Plaintiff Dawning Prosperity ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from December 20, 2023, attorney's fees, and costs, but not less than ten thousand six hundred thirty seven dollars and eighty one cents ($10,637.81);

M. On its Thirteenth Cause of Action, an Order that Plaintiff Echoing Minds ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from September 3, 2022, attorney's fees, and costs, but not less than one hundred ninety six thousand four hundred fifty three dollars and thirty five cents ($196,453.35);

N. On its Fourteenth Cause of Action, an Order that Plaintiff Perfecting Minds ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from January 2, 2023, attorney's fees, and costs, but not less than o three hundred sixty thousand three hundred thirty two dollars and eighty two cents ($360,332.82);

O. On its Fifteenth Cause of Action, an Order that Plaintiff Dawning Prosperity ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from December 20, 2023, attorney's fees, and costs, but not less than ten thousand six hundred thirty seven dollars and eighty one cents ($10,637.81);

P. On its Sixteenth Cause of Action, an Order that Plaintiff Echoing Minds ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from September 3, 2022, attorney's fees, and

costs, but not less than one hundred ninety six thousand four hundred fifty three dollars and thirty five cents ($196,453.35);

Q.  On its Seventeenth Cause of Action, an Order that Plaintiff Perfecting Minds ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from January 2, 2023, attorney's fees, and costs, but not less than o three hundred sixty thousand three hundred thirty two dollars and eighty two cents ($360,332.82);

R.  On its Eighteenth Cause of Action, an Order that Plaintiff Dawning Prosperity ABA LLC is entitled to money damages in an amount to be determined at trial including incidental damages, expectation damages, interest from December 20, 2023, attorney's fees, and costs, but not less than ten thousand six hundred thirty seven dollars and eighty one cents ($10,637.81); and

S.  Such other relief for the Plaintiff as the Court deems just and proper.

Dated: Brooklyn, New York
    January 21, 2026

Yours, etc.

**STORCH LAW, P.C.**

By: ___/s/ Binyomin Z. Bendet_____
    Binyomin Z. Bendet, Esq.
    *Attorneys for Plaintiff*
    26 Court Street, Suite 400
    Brooklyn, New York 11242
    Tel.: (718) 404-9101
    ben@storchlawpc.com